# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

IN RE:                                              CASE NO.: 19-10423-JDW

**JIMMIE LOIS KING,**                                              **CHAPTER 13**

    **Debtor**

### RESPONSE TO OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES [DKT. 32]

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVDUAL CAPACITY BUT SOLELY AS INDENTURE TRUSTEE FOR NRPL TRUST 2018-2 ("Secured Creditor"), by and through its undersigned attorney, hereby files its Response to Objection to Notice of Post-Petition Mortgage Fees, Expenses, and Charges [#32] ("Objection"), (# 34), and in support thereof states as follows:

1.    Secured Creditor holds an interest in Debtor's real property located at 4543 HIGHWAY 4 W, HOLLY SPRINGS, MS  38635.

2.    Secured Creditor timely filed its Proof of Claim, Claim No.11, on March 26, 2019.

3.    Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim (and, by extension, supplemental proof of claim) executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim."

4.    On August 16, 2019, Debtor filed an Objection, asserting allegations opposing Secured Creditor's claim.

5.    Debtor asserts that the fees are unreasonable and requests Court enter an order disallowing the fees, expenses, and/or charges of $850.00.

6.    Debtor will not be prejudiced by allowing the Notice of Post-Petition Mortgage Fees, Expenses, and Charges to stand as timely filed. All amounts stated are reasonable and

permitted by the loan documents.  The $175.00 for the Plan Review and the $500.00 for Plan

Objection are more than reasonable and an acceptable amount.  Due to new rules and time

restraints of filing a Proof of Claim timely along with amount of time and detail, the $175.00 proof

of claim fees and the preparation of the 410A pay history is reasonable and acceptable because

counsel is required to review payment histories, assemble payment information, and totals under

numerous categories from date of default.

7.    Additionally, Secured Creditor objects to Debtor's request for attorney's fees and

costs as Notice of Fees, Expenses, and Charges, Docket No. 32, is neither incorrect nor improper

as filed.

8.    Secured Creditor reserves the right to supplement its Response to Debtor's

Objection at any time before or at the hearing.

**WHEREFORE**, Creditor respectfully requests that this Honorable Court overrules

Debtor's objection and allows Secured Creditor's Proof of Claim as filed so as to preserve

Creditor's Claim, and for such other and further relief as the Court may deem just and proper.

**THE SUNDMAKER FIRM, L.L.C.**

/s/ *Gregory J. Walsh*
GREGORY J. WALSH (#104344)
1027 Ninth Street
New Orleans, LA  70115
Telephone:  (504) 568-0517
Fax: (504) 568-0519
greg@sundmakerfirm.com
**Attorney for Secured Creditor**

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing has been served on all interested parties as listed below by depositing

same in the U.S. Mail, postage prepaid, and/or by electronic mail this 16th day of September, 2019:

Locke D. Barkley
6360 I-55 North
Suite 140
Jackson, MS 39211

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

Robert H. Lomenick, Jr.
P.O. Box 417
Holly Springs, MS 38635

Jimmie Lois King
4543 Hwy 4 W
Holly Springs, MS 38635

*/s/ Gregory J. Walsh*
Gregory J. Walsh